IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALLSTATE ASSIGNMENT COMPANY and ALLSTATE LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 11-213-GPM |
| ROBERTA COUTY and TIMOTHY LEE COUTY, | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). The Court's review of the complaint in this case discloses flaws in the pleading of federal subject matter jurisdiction.

From the allegations of the complaint in interpleader brought in this case by Plaintiffs Allstate Assignment Company ("Allstate Assignment") and Allstate Life Insurance Company ("Allstate Life") the Court gleans the following background of this case. In 2007 Timothy Couty, who is the deceased husband and father, respectively, of Defendants Roberta Couty and Timothy Lee Couty, entered into a structured settlement of certain workers' compensation and personal injury claims. The settlement agreement provided for future periodic payments to be made to Timothy Couty as follows: a payment of $50,000 to be made March 23, 2011; a payment of $75,000 to be made March 23, 2016; a payment of $100,000 to be made March 23, 2021; and a payment of $125,000 to be made March 23, 2026. One of the liability insurers of a party to the settlement assigned to Allstate Assignment the obligation to make the payments required under the settlement agreement. Accordingly, Allstate Assignment purchased from Allstate Life an annuity contract under which Timothy Couty was designated as the payee and Roberta Couty was identified as the beneficiary of any payments made under the contract after Timothy Couty's death. In July 2010, the beneficiary under the annuity contract was changed at Timothy Couty's request from Roberta Couty to Timothy Lee Couty. Shortly after requesting that the beneficiary under the annuity contract be changed, Timothy Couty died, whereupon Timothy Lee Couty asserted a claim to the payments required to be made under the contract. Roberta Couty in turn has challenged the validity of the change of beneficiary under the annuity contract and also has asserted a claim to the payments due under the contract. Allstate Assignment and Allstate Life now ask that the Court resolve the dispute between Roberta Couty and Timothy Lee Couty concerning the proper beneficiary under the annuity contract. Federal subject matter jurisdiction is alleged in this case on the basis of 28 U.S.C. § 1335 and 28 U.S.C. § 2361.

Under 28 U.S.C. § 1335, the federal interpleader statute, federal district courts have original jurisdiction over any interpleader action valued at $500 or more if two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332, are claiming an entitlement to a single fund. *See* 28 U.S.C. § 1335(a).[1] Assuming that the requisite jurisdictional amount is met, statutory interpleader requires that at least two of the adverse claimants to a contested fund be of diverse citizenship within the meaning of 28 U.S.C. § 1332. *See Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 581-82 (E.D.N.C. 2002); *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 695 (E.D. Ky. 2002); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1710 (3d ed. 1998 & Supp. 2010) (collecting cases). The federal interpleader statute, 28 U.S.C. § 1335, "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *American Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1245 (E.D. Wis. 1993) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). "'Minimal diversity' is also determined without regard to the stakeholder's citizenship; that is, without regard to the circumstance that the stakeholder and one of the claimants may be co-citizens." *Id.* (citing *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 70-73 (1939)). Here it is plain that the amount in controversy meets or exceeds the value of $500. Unfortunately, Allstate Assignment and Allstate Life have failed properly to allege the citizenship of the claimants in this case, making it impossible for the Court to ascertain the existence of minimal diversity of citizenship.

---

1. A claim in interpleader may also be brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. However, this case involves statutory interpleader pursuant to 28 U.S.C. § 1335, not so-called "rule interpleader" pursuant to Rule 22.

With respect to Roberta Couty, Allstate Assignment and Allstate Life allege "[u]pon information and belief" that Roberta Couty is "an adult individual who resides in Stonefort, Illinois." Doc. 2 at 1 ¶ 3. With respect to Timothy Lee Couty, Allstate Assignment and Allstate Life allege "[u]pon information and belief" that Timothy Lee Couty is "an adult individual who resides in Chandler, Arizona." *Id*. at 2 ¶ 4. Allegations of jurisdictional fact made on the basis of information and belief rather than on the basis of personal knowledge are insufficient to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Hunt v. Davita, Inc.*, Civil No. 10-602-GPM, 2010 WL 3219500, at *2 (S.D. Ill. Aug. 13, 2010); *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases). Similarly, for purposes of 28 U.S.C. § 1335 and 28 U.S.C. § 1332, a natural person must be alleged to be a citizen of a state, not a resident of a state. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ( "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of [28 U.S.C. § 1332]."); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E. G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) ("[A]llegations of residence are insufficient to establish . . . jurisdiction [under 28 U.S.C. § 1332]. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"). However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Moreover, "[w]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) Accordingly, Allstate Assignment and Allstate Life must amend the

complaint in this case to omit from their jurisdictional allegations with respect to Roberta Couty and Timothy Lee Couty any reference to information and belief and to allege that Roberta Couty and Timothy Lee Couty are citizens of, respectively, Illinois and Arizona, not residents of Illinois and Arizona.

To conclude, it is hereby **ORDERED** that Allstate Assignment and Allstate Life shall file an amended complaint that omits from its jurisdictional allegations with respect to Roberta Couty and Timothy Lee Couty any reference to information and belief and that alleges that Roberta Couty and Timothy Lee Couty are citizens of, respectively, Illinois and Arizona, not residents of Illinois and Arizona, not later than Friday, April 1, 2011, at 12:00 noon. Failure to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: March 21, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge